

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALDRICH A. ROOKS,  )
    Petitioner,  )
      )
v.  )   No. 3:16-CV-1711-G
      )
LORIE DAVIS, Director, TDCJ-CID,  )
    Respondent.  )

## FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

I.

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). He brings this petition for writ of habeas corpus under 28 U.S.C. § 2254. Respondent is Lorie Davis, Director of TDCJ-CID.

On April 16, 1991, Petitioner was convicted of aggravated assault of a child. *State of Texas v. Aldrich Adwar Rooks*, No. 24,003 (13th Jud. Dist. Ct., Navarro County, Tex., Apr. 16, 1991). He was sentenced to 60 years imprisonment. On April 29, 1992, the Tenth District Court affirmed. *Rooks v. State*, No. 10-91-084-CR (Tex. App. – Waco 1992). On September 30, 1992, The Court of Criminal Appeals denied a petition for discretionary review. PDR No. 0817-92.

On July 15, 2003, and August 6, 2004, Petitioner filed motions for DNA testing. On September 27, 2006, Petitioner's motions were denied.

On September 22, 2013, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Rooks*, No. 80,481-01. On November 20, 2013, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court without a hearing.

On June 23, 2016, Petitioner filed the instant § 2254 petition. He argues:

(1) The jury was biased as a result of ineffective assistance of counsel and his exclusion from the jury selection process;

(2) He was arrested without a warrant or probable cause; and

(3) There was no DNA test from the complainant, which would have showed his innocence.

On August 29, 2016, Respondent filed a preliminary response arguing that the petition is barred by the statute of limitations. Petitioner did not file a reply. The Court now finds the petition should be dismissed as time-barred.

II.

**1. Statute of Limitations**

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after

direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]
On September 30, 1992, the Court of Criminal Appeals denied Petitioner's petition for discretionary review. The conviction became final ninety days later, on December 29, 1992. *See* Sup. Ct. R. 13; *see also Roberts v. Cockrell* 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires regardless of when mandate issues).

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date of April 24, 2006, to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, absent any tolling provision, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred. Petitioner did not file his petition until June 23,

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

2016.

The filing of a state application for habeas corpus, or a motion for DNA testing, tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2); *Sanchez v. Thaler*, 366 Fed. Appx. 494, 497 (5th Cir. 2010) (per curiam). Here, Petitioner's motions for DNA testing and state habeas petition were filed after the AEDPA limitations period expired. They therefore did not toll the limitations period.

Petitioner was required to file his § 2254 petition by April 24, 1997. He did not file his petition until June 23, 2016. His petition is therefore untimely.

## 2. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner has made no argument that he is entitled to equitable tolling. He has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

3. **Actual Innocence**

To the extent Petitioner argues he should be excused from the limitations period because he is actually innocent, his claim is without merit. The Supreme Court has held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House*, or, as in this case, expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383 (2013). A petitioner who claims actual innocence, however, "must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* Petitioner has failed to meet this high standard. He has failed to submit any new evidence to support his claims. Petitioner's actual innocence claim is insufficient to excuse him from the statute of limitations.

III.

The Court recommends that the petition for writ of habeas corpus be dismissed with as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this ____ day of _____, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

Findings, Conclusions and Recommendation
of the United States Magistrate Judge          Page -5-

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).